IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FIROZEBANU MOHAMMED JAMEEL,    §
                               §
            Plaintiff,         §
                               §
VS.                            §    CIVIL ACTION H-12-1510
                               §
FLAGSTAR BANK, FSB,            §
                               §
            Defendant.         §

## OPINION AND ORDER

Pending before the Court in the above referenced cause, removed from state court on both federal question and diversity jurisdiction and seeking to preclude foreclosure upon Plaintiff Firozenbanu Mohammed Jameel's ("Jameel's") home at 4102 Hidden Fort, Missouri City, Fort Bend County, Texas 77459 ("the property") and to obtain declaratory and injunctive relief as well as damages, is Defendant Flagstar Bank, F.S.B.'s ("Flagstar's") motion to dismiss for failure to state a claim (instrument #5).[1]

Jameel asserts, as causes of action, breach of contract, conversion, and violations of the Deceptive Trade Practices Act ("DTPA"), Texas Business & Commerce Code § 17.50(a)(1)-(4),[2] and of

_____

[1] Jameel's Original Petition identifies Jameel as a woman ("Ms. Jameel" and "she, her"), while Defendant's pleadings identify Jameel as a man.  The Court follows Plaintiff's pleadings.

[2] Section 17.50(a) states,

(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g).[3]

-------------------

> (1) the use or employment by any person of a
> false, misleading, or deceptive act or
> practice that is:
>
> > (A) specifically enumerated in a
> > subdivision of Subsection (b) of
> > Section 17.46 of this subchapter;
> > and
>
> > (B) relied on by a consumer to the
> > consumer's detriment;
>
> (2) breach of express or implied warranty;
>
> (3) any unconscionable action or course of
> action by any person; or
>
> (4) the use or employment by any person of an
> act or practice in violation of Chapter 541,
> Insurance Code.

[3] In 2009 the TILA was amended to add subsection (g) to § 1461, effective May 20, 2009.  Helping Families Save Their Homes Act, Pub. L. No. 111-22, § 404, 123 Stat. 1632, 1649 (2009). Failure to comply with the notice requirement can result in civil liability under § 1640(a).  *See Angelini v. Bank of America*, Civ. A. No. 11-3011-CL, 2011 WL 2433485, *5 (D. Or. Apr. 27, 2011). Section 1641(g)(1) provides,

> In addition to other disclosures required by this
> subchapter, not later than 30 days after the date on
> which a mortgage is sold or otherwise transferred or
> assigned to a third party, the creditor that is the new
> owner or assignee of the debt shall notify the borrower
> in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new
> creditor;
> (B) the date of transfer;
> (c) how to reach an agent or party having authority to
> act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership
> of the debt is recorded; and
> (E) any other relevant information regarding the new
> creditor.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . .

(1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974).  "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'"  *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.*  The plaintiff must plead specific facts, not merely conclusory

allegations, to avoid dismissal.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).  *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken").  Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.  *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

### Allegations of Plaintiff's Original Petition (#1-4)

Jameel purchased the property and on February 25, 2008

executed an promissory note (Ex. A) and deed of trust (Ex. B) in favor of Secure Mortgage Company.[4]   Flagstar claims to be the current holder of the note and deed of trust with authority to receive payments and to foreclose.   Ex. C, Notice of Foreclosure Sale.   On or about November 22, 2011 Jameel and Flagstar entered into a Home Affordable Modification Program ("HAMP") trial mortgage modification requiring monthly payments of $1,628.88 beginning November 2011.   Ex. D.   Jameel made all required payments.   After the third month, Jameel inquired from Defendant about the status of her permanent loan modification[5] and was told that "they were still working on it and for her to keep paying the same amount."   She continued to make the monthly payments and called the bank every month about her permanent loan modification.

Jameel states that she has not received in writing any notice of the substitute trustee, as required by ¶ 24 of the deed of trust.   Ex. B.   She argues that while the right to substitute the trustee is granted to the lender, Flagstar was not and is not the lender and has not produced any evidence that it is the owner

---

[4]   In its response, Flagstar states that Jameel borrowed $247,458.00 from Secure Mortgage Company for the purchase price and signed the promissory note, secured by the contemporaneously executed deed of trust.

[5]   In a footnote, Jameel states that the HAMP modification program is a government sponsored plan whereby mortgage borrowers are pre-approved for a permanent mortgage modification conditional upon making three "good faith" payments and submitting personal financials.   #1-4 at p. 3 n.1.

and/or holder of either the note or the deed of trust, and thus is not authorized to conduct a foreclosure sale. Nor, Jameel insists, was she sent a notice of acceleration of the amount due under the note, as required by the deed of trust for Flagstar to have the power to foreclose. Yet Flagstar and parties acting on its behalf have collected payments from Jameel, threatened foreclosure, and disparaged her credit.

Regarding her breach of contract (deed of trust) claim, by attempting to foreclose upon the property, Jameel argues that Flagstar did not meet the following requirements to enforce the "power of sale" clause in the deed of trust, thus had no right to foreclose on the property, and therefore breached the contract by attempting to foreclose on her homestead: (1) Flagstar must be the current assignee of the deed of trust; (2) the trustee conducting the foreclosure sale must be appointed according to the terms of the deed of trust; (3) Jameel must have been given proper notice of the foreclosure sale; (4) notice of the foreclosure sale must be preceded by notice that the underlying note was being accelerated; (5) notice of acceleration must be preceded by notice that the note was in default and that Plaintiff be given an opportunity to cure that default; and (6) that the default necessarily implies that Defendant actually is the holder of the note. Jameel concedes that she was given notice that she was in default, but contends that she paid as agreed and was not in default. She claims she was not

given proper notice that the note was being accelerated, another breach of contract by Flagstar. She questions Flagstar's right to foreclose because it must be a lender under the deed of trust and Section 22 of the deed of trust defines "lender" to include "any holder of the note who is entitled to receive payments under the Note."

Under the DTPA a plaintiff must be a consumer to sue under the statute and § 17.45(4) defines a consumer as "an individual . . . who seeks or acquires by purchase or lease any goods or services . . . ." Jameel maintains she is a "consumer" because she is an individual who acquired mortgage servicing by purchase. Jameel asserts that Flagstar is liable to her under § 1746(b)(12)[6] of the DTPA because it represented to her that it has the right to foreclose on her property but did not prove it met the conditions precedent to having the power of sale under the deed of trust.

Jameel alleges that Flagstar violated the TILA by failing to giver her proper notice of its new ownership as a new creditor as required by 15 U.S.C. § 1641(g).

### Flagstar's Motion to Dismiss (#5)

Flagstar points out that the elements of a claim for breach of

---

[6] Section 17.46(b)(12) provides, "(b) Except as provided in Subsection (d) of this subsection, the term 'false, misleading, or deceptive acts or practices' includes, but is not limited to . . . (12) representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law. . . ."

contract are (1) the existence of a valid contract; (2) performance of tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386 (5th Cir. 2009), *citing Aquiar v. Segal*, 167 S.W. 3d 443, 450 (Tex. App.-Houston [14th Dist.] 2005, pet. denied). To be liable for breaching a contract, Flagstar must be a party to the contract, but Jameel fails to allege that it was a party to any contract with her or any resulting damages.

Nor does Jameel allege that any foreclosure sale occurred or that one is currently noticed. If Jameel is asserting a claim for wrongful foreclosure, it must fail because Texas does not recognize a cause of action for wrongful attempted foreclosure. *Owen v. BAC Home Loans Servicing, L.P.*, Civ. A. No. H-11-2742, 2012 WL 1494231, *3 (S.D. Tex. Apr. 27, 2012) (and cases cited therein). The Court agrees that as a matter of Texas law currently she has no claim for wrongful foreclosure.

Flagstar moves to dismiss Jameel's DTPA claim on the grounds that she is not a "consumer" and therefore lacks standing to sue under the statute. Whether a plaintiff is a consumer under the DTPA is a question of law. *Holland Mortgage & Inv. Corp. v. Bone*, 751 S.W. 2d 515, 517 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.). In the lender/borrower context, a person who seeks "only the extension of credit . . . and nothing more" is not a

consumer under the DTPA because the lending of money is not a good or service. *Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W. 2d 558, 566 (Tex. 1984); *Riverside Nat'l Bank v. Lewis*, 603 S.W. 2d 169, 173, 175-76 (Tex. 1980). This Court agrees.

Moreover this Court concludes that because Jameel is operating under a HAMP agreement, she cannot assert a DTPA claim under it. *See Fix v. Flagstar Bank, FSB*, 242 S.W. 3d 147, 160 (Tex. App.- -Fort Worth 2007, pet. denied)(the refinance of a home equity loan cannot qualify as a good or service under the DTPA); *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006) (person who obtains a home equity loan does not obtain a "good" or "service" to qualify as a consumer under the DTPA nor does an extension of credit); *Cuevas v. BAC Home Loans Servicing, LP*, Civ. A. No. 4:10-CV-31, 2012 WL 4339063, *4 (S.D. Tex. Sept. 19, 2012)("Courts have held that 'subsequent actions related to mortgage accounts--for example, extensions of further credit or modifications of the original loan--do not satisfy the 'good or services' element of the DTPA."), *citing v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, *4 (N.D. Tex. Apr. 13, 2011). It is notable that Plaintiff's response to the motion to dismiss does not even address her DTPA claim. Thus the Court concludes that as a matter of law it must be dismissed.

Flagstar contends that Jameel's TILA claim for actual damages

fails because she does not allege facts demonstrating or supporting the inference that she relied to her detriment on the lack of TILA disclosures. *Conley v. The Bank of New York Mellon Corp.*, No. CV 11-0582 DAE-BMK, 2012 WL 406911, *4 (D. Hawaii Feb. 7, 2012). Jameel has also failed to allege actual damages from Flagstar's failure to disclose an assignment of the mortgage to it. *Turner v. AmericaHomeKey, Inc.*, Civ. A. No. 3:11-CV-0860-D, 2011 WL 3606688, *5-6 (N.D. Tex. Aug. 16, 2011). Furthermore, her TILA claim is contrary to her other allegations because to succeed on it, she would have to allege and prove that the mortgage in question was sold or transferred to Flagstar.

Last, Plaintiff's request for a declaratory judgment specifying her and Flagstar's rights and duties under the deed of trust and a declaration that Flagstar does not have the power of sale does not state a claim upon which relief can be granted. Although originally brought under the Texas Declaratory Judgment Act in state court, the removal converted it to one under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Bell v. Bank of Am. Home Loan Servicing, LP*, Civ. A. No. 4:11-cv-2085, 2012 WL 568755, *8 (S.D. Tex. Feb. 21, 2012). "In a declaratory judgment action, 'based on the facts alleged, there must be a substantial and continuing controversy between the two adverse parties.'" *Id.*, *citing Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Plaintiff has alleged no facts that would lead to the conclusion that a

present controversy exists between Jameel and Flagstar.  She has not alleged that any foreclosure sale is currently noticed. Additionally and alternatively, Flagstar urges the Court in its discretion to decline to entertain the request for declaratory relief.

Flagstar insists that Jameel is not entitled to injunctive relief because she has no valid cause of action as none of her claims is cognizable.

### Plaintiffs' Response (#6)

Arguing that she has pleaded all necessary elements of a breach of contract claim or that they can be reasonably inferred, Jameel insists that she and Flagstar have a valid contract because she has satisfied the essential elements of such a claim: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Buxani v. Nussbaum*, 940 S.W. 2d 350, 352 (Tex. App.--San Antonio 1997, no writ).  On November 22, 2011 Plaintiff received a HAMP offer (#1-4, Ex. D, Letter stating that Jameel has been approved for HAMP plan and to accept the offer, she need only make specified payments) from Defendant that would be mutual and binding.  Plaintiff accepted the offer by making the required payments (see *id.,* attached affidavit by Jameel) and supplying the required documentation, reflecting a

meeting of the minds and consent to the terms.

While Defendant argues that no foreclosure sale is currently noticed and therefore Jameel has sustained no damages, Jameel contends that Defendant sent Plaintiff a Notice of Foreclosure Sale (#1-4, Ex. C) and that it can be reasonably inferred that Flagstar will attempt to do it again. "Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave '[t]he defendant . . . free to return to his old ways.'" *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968), *citing United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). Moreover under the doctrine of anticipatory repudiation, "when one party to an agreement has repudiated it, the other party may then accept the agreement as being terminated or consider the repudiation as a breach of contract and bring suit for damages." Jameel highlights the fact that damages in a suit alleging anticipatory repudiation have not yet occurred, but that the suit is permitted. Should foreclosure take place, Jameel's damages would be based on loss of her homestead. If the Court requires the pleading of damages that have already been incurred, the Original Petition at ¶ 20 alleges actual damages based on the collection of payments by Defendant from Plaintiffs as well as Defendant's disparaging of Plaintiff's credit.

Jameel also insists that she has pleaded sufficient facts

under TILA to reasonably infer actual damages from Defendant's failure to disclose.  The Original Petition asserts that the note and deed of trust were not executed in favor of Flagstar, but Flagstar now claims it is a beneficiary of the note and deed of trust.  Jameel claims she detrimentally relied upon Flagstar's claim by making mortgage payments to Flagstar.  Flagstar failed to make the required TILA disclosures, and Jameel states that she believes that she paid the wrong party, suffering actual damages.

Finally, Plaintiff insists that she has pleaded sufficient facts to establish the existence of a substantial and continuing controversy, as evidenced by the Notice of Foreclosure Sale sent to Jameel and the real possibility of a future sale being initiated at any time.  She has also pleaded sufficiently causes of action for breach of contract, TILA violations and declaratory relief, so her request for injunctive relief should survive the motion to dismiss.

Should the Court find that Plaintiff failed to state a claim, Jameel requests leave of court to amend.

### Flagstar's Reply (#7)

Flagstar states that Plaintiff now predicates her claims primarily on an allegation that she was offered and accepted a trial loan modification under HAMP, which was then orally extended by Flagstar.  Flagstar correctly points out that there is no private right of action under HAMP and no guarantee of a HAMP modification.  *See, e.g., Cade v. BAC Home Loans Servicing, LP*, No.

10-4224, 2011 WL 2470733, *2-3 (S.D. Tex. June 20, 2011); *Adams v. U.S. Bank*, No. 10-10567, 2010 WL 2670702, *4 (E.D. Mich. July 1, 2010); *Hoffman v. Bank of America*, No. C-10-2171 SI, 2010 WL 2635773, *5 (N.D. Cal. June 30, 2010).  Because HAMP does not afford a private right of action, all Plaintiff's claims premised on HAMP fail to state a claim upon which relief can be granted.

Furthermore, to the extent that a breach of contract claim can be predicated on HAMP, Plaintiff fails to allege an enforceable contract even though she alleges that she timely made all payments under a trial HAMP agreement and at the end of the trial period was told that "they were still working on it and for her to keep paying the same amount."  She alleges an oral promise made by an unspecified Flagstar agent that Jameel could continue to make a reduced loan payment beyond even the trial period she references. Such a claim is barred by the statute of frauds, Texas Bus. & Com. code § 26.02(b), which generally bars enforcement of contracts, including loan agreements, that exceed $50,000 in value "unless the agreement is in writing and signed by the party to be bound or by the party's authorized representative." *Cyrilien v. Wells Fargo Bank, N.A.*, No. Civ. A. H-10-5018, 2012 WL 2133551, *3 (S.D. Tex. 2012), *citing Grievous v. Flagstar Bank, FSB*, No. Civ. A. H-11-246, 2012 WL 1900564, *5 (S.D. Tex. May 24, 2012).  The statute of frauds makes unenforceable oral modifications of a written loan agreement unless they fall within a limited exception to the

-15-

statute of frauds or do not "materially alter the obligations imposed by the original contract." *Grievous*, 2012 WL 1900564 at *5, *citing Montalvo v. Bank of America Corp.*, ___ F. Supp. 2d ___, No. SA-10-CV-360-XR, 2012 WL 1078093, *13 (W.D. Tex. Mar. 30, 2012), and *Wiley v. U.S. Bank*, Civ. A. No. 3:11-CV-1241-B, 2012 WL 1945614, *6 (N.D. Tex. May 30, 2012)("both Texas and federal courts have concluded that, generally, both the original loan and any alleged agreement to modify the original loan are governed by section 26.02 and must be in writing"). "[T]he general rule is that an oral modification may be enforceable if it does not materially alter the obligations imposed by the original contract. An oral agreement to modify the percentage of interest to be paid, the amounts of installments, security rights, the terms of the remaining balance of the loan, the amount of monthly payments, the date of the first payment, and the amount to be paid monthly for taxes and insurance is an impermissible oral modification." *Montalvo*, 2012 WL 1078093, *13, *citing Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984). "[W]here the plaintiffs allege that they applied for a specific program altering their obligations under the original loan and came to an oral agreement with the bank regarding this program, this is a material alteration of the underlying contract and thus subject to the statute of frauds." *Id., citing Deuley v. Chase Home Finance, LLC*, Civ. H-05-4253, 2006 WL 1155230, *2 (S.D. Tex. Apr. 26, 2006). Flagstar further points

out that the promissory note attached to her Original Petition states,

> THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

#1-4, Ex. A, last ¶. Plaintiff's new contract claim is based on an oral agreement by Flagstar to allow Plaintiff to maintain the reduced monthly payments under the trial modification plan beyond the time period contained in the written loan agreement. Such claims fail as a matter of law regardless of whether the claim is couched as a HAMP claim, breach of contract claim, or otherwise. This Court fully concurs.

As for Jameel's TILA claim, Flagstar insists that Plaintiff is wrong in maintaining that the inference can be drawn from the Petition that Jameel relied to her detriment on the lack of the required disclosure about the assignment of the mortgage to Flagstar. She now claims that the nondisclosure kept her from knowing to which entity to make loan payments, in contradiction to her earlier claim that she made all payments to Flagstar under the alleged trial HAMP plan. Detrimental reliance cannot be inferred from the pleadings and has also been negated by Jameel's own allegations. Furthermore, urges Flagstar, Jameel has not and cannot truthfully allege actual damages for any alleged TILA violation because she continues to reside in the homestead while making no loan payments.

-17-

### Court's Decision

Jameel provides no allegations in support of, nor even addresses her single mention in the Original Petition of a conversion cause of action, so the Court finds that she fails to state such a claim under Rule 12(b)(6), *Twombly*, and *Iqbal*.

Jameel's argument that Jameel did not receive a notice of acceleration of the note is moot since there is currently no notice of or pending foreclosure sale and she is living on the property.[7] "'[T]here can be no recovery for wrongful foreclosure if the mortgagor does not lose possession of the property.'" *Strange v. Flagstar Bank, FSB*, Civ. A. No. 3:11-CV-2642-B, 2012 WL 987584, *4 (N.D. Tex. Mar. 22, 2012), *citing Marquez v. Fed. Mortg. Ass'n*, No. 3:10-CV-2040, 2011 WL 3714623, *6 (N.D. Tex. Aug. 23, 2011).

As the Court has indicated, it agrees with Flagstar that as a matter of law Jameel fails to and cannot state a viable claim under the DTPA because she is not a consumer under the statute and fails to and cannot state a claim for breach of contract based on an oral

---

[7] "Texas courts have yet to recognize a claim for 'attempted wrongful foreclosure.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011). *See also, e.g., Anderson v. Baxter, Schwartz & Shapiro, LLP*, No. 14-11-00021-CV, 2012 WL 50622, *4 (Tex. App.--Houston [14th Dist.] Jan. 10, 2012)(affirming district court's conclusion that attempted wrongful foreclosure is not a recognized cause of action in Texas), *citing Port City State Bank v. Leyco Constr. Co.*, 561 S.W. 2d 546, 547 (Tex. Civ. App.-Beaumont 1977, no writ); *Owens v. BAC Home Loans Servicing, L.P.*, Civ. A. No. H-11-2742, 2012 WL 1494231, *3 (S.D. Tex. Apr. 27, 2012)(dismissing claim for wrongful attempted foreclosure because it is not cognizable under Texas law).

HAMP modification of the underlying written agreement because it is barred by the statute of frauds. Thus these claims must be dismissed with prejudice.

TILA provides for a private right of action for civil liability against any creditor that fails to comply with any requirement imposed under TILA, including § 1641(g) for failure to disclose the assignment of a mortgage. 15 U.S.C. § 1640(a). The Court would first point out that if Plaintiff is going to charge Flagstar with failure to provide her with notice that the mortgage was assigned to it and is therefore liable for her actual damages, she must allege facts showing that Flagstar is the new owner or assignee of that mortgage under § 1641(g), a situation which she is thus far denying. *See, e.g., Ades v. Citi Mortg., Inc.*, No. 02-10-cv-02104-GMN, 2011 WL 4402754, *5 (D. Nev. Sept. 2011)(for a violation of § 1641(g), a plaintiff must plead adequately a transaction that would give rise to defendant's obligation to notice and defendant's failure to notify); *Rivera v. Recontrust Co., N.A.*, No. 2:11-CV-1695-KJD-PAL, 2012 WL 2190710, *4 (D. Nev. June 12, 2012)(finding that "[p]laintiff's complaint does not contain facts sufficient for the court to reasonably infer an obligation of Defendants' to notify under TILA"); *Cingolani v. BAC Home Loans Servicing, LP*, No. 11-15159, 2012 WL 3029829, *3-4 (E.D. Mich. July 25, 2012); *Harris v. Option Mortg. Corp.*, 261 F.R.D. 98, 105 (D.S.C. 2009)("Plaintiffs have not stated sufficient factual

allegations to seek relief against American Home Mortgage as an assignee.").

If she alleges facts showing that Flagstar is the new owner or assignee and that it failed to meet the notification requirement as required by § 1641(g), she may seek to recover "any actual damages sustained by [her] as a result of the failure" to make the required disclosures and as long as she shows detrimental reliance. 15 U.S.C. § 1640(a)(1). She may also recover statutory damages, which in an individual action may be "twice the amount of any finance charge in connection with the transaction" and which do not require a showing of causation. 15 U.S.C. § 1640(a)(2). *See Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433, 435-36 (5th Cir. 2000), *cert. denied*, 532 U.S. 971 (2001).[8]

"A plaintiff must allege sufficient damages in order to state a claim" under § 1640(a)(1). *Graves v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-CV-0183-J, 2011 WL 2119189, *2 n.1 (N.D. Tex. 2011)*, citing Beall v. Quality Loan Service Corp.*, No. 10-CV-1900-IEG (WVG), 2011 WL 1044148, *6 (S.D. Cal. Mar. 21, 2011)(opining that "[a] creditor that fails to comply with any requirement imposed under § 1641(g) only faces liability for 'any *actual damage*

---

[8] The Fifth Circuit has opined that "statutory and actual damages perform different functions: statutory damages are reserved for cases in which the damages caused by a violation are small or difficult to ascertain. Actual damages may be recovered where they are probably caused by the violation." *Perrone*, 232 F.3d at 436.

sustained by such person as a result of the failure.' *See* 15 U.S.C. § 1640(a)(1)" and dismissing claim under § 1641(g) for failure to allege any actual damages or finance charges related to [defendant's] failure to provide notice of the assignment.); *Byrd v. Guild Mortg. Co.*, No. 11CV2204-WQH-WVG, 2011 WL 6736049, *5 (S.D. Cal. Dec. 20, 2011)(same). *See also Correa v. BAC Home Loans Servicing LP*, 2012 WL 1176701, *9 (M.D. Fla. Apr. 9, 2012)(finding a failure to plead a plausible TILA claim where plaintiff "simply sets forth verbatim the statutory language of 15 U.S.C. § 1641(g) without further elaboration. Such pleading, even under the most liberal construction given to *pro se* litigants, is insufficient to state a plausible claim for relief."), *citing Iqbal*, 129 S. Ct. at 1949 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice").

Jameel has failed to allege any facts demonstrating, or supporting an inference, that she relied to her detriment on the lack of TILA disclosures, nor has she alleged any actual damages or finance charges related to Flagstar's failure to disclose an assignment of the mortgage loan. Moreover because she is still residing on the property, her payments appear to be her obligation under the mortgage, not actual damages. As noted by Flagstar, her new claim that she paid the wrong creditor contradicts her earlier allegation that she made all payments to Flagstar under the alleged

trial HAMP plan.  The Court finds that plaintiff fails to plead a plausible claim under 15 U.S.C. § 1641(g).

However, unlike her other claims, which fail as a matter of law, this Court cannot say with certainty that Plaintiff cannot plead a TILA claim, and she has requested leave to amend.  When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").

Accordingly, for the reasons indicated above, the Court

ORDERS that Flagstaff's motion to dismiss is GRANTED with prejudice as to her DTPA claim and her breach of oral HAMP modification of the underlying written mortgage agreement, and without prejudice as to her TILA claim.  Leave is granted to Jameel

-22-

to file within twenty days an amended complaint based solely on her TILA cause of action or to inform the Court that she no longer wishes to pursue this suit.   Failure to comply will result in dismissal of the case.

     **SIGNED** at Houston, Texas, this  2nd  day of November , 2012.

                MELINDA HARMON
            UNITED STATES DISTRICT JUDGE