```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

FIROZEBANU MOHAMMED JAMEEL,   §
                              §
            Plaintiff,        §
                              §
VS.                           §   CIVIL ACTION H-12-1510
                              §
FLAGSTAR BANK, FSB,           §
                              §
            Defendant.        §
```

## OPINION AND ORDER

Pending before the Court in the above referenced cause, seeking to preclude foreclosure upon Plaintiff Firozebanu Mohammed Jameel's ("Jameel's") home at 4102 Hidden Fort, Missouri City, Fort Bend County, Texas 77459 ("the property"), are (1) Jameel's motion to reconsider order granting motion to dismiss (instrument #11), (2) Defendant Flagstar Bank, F.S.B.'s ("Flagstar's") motion for entry of final judgment (#12), and (3) Robert C. Lane, Anh Thu N. Dinh, Andrew Haut, and Law Office of Middagh & Lane's agreed motion for leave to withdraw as counsel to Jameel (#13).

In its Opinion and Order of November 2, 2012 (#10), this Court dismissed Jameel's claims for breach of contract, conversion and violations of the Deceptive Trade Practices Act, but granted leave to her to amend her complaint within twenty days to state a claim for violation of the Truth in Lending Act ("TILA") if she could. The Court further admonished her, "Failure to comply will result in dismissal of the case." Jameel did not file an amended complaint. Instead on November 26, 2012 she filed a motion to reconsider

complaining that the Court ruled that the statute of frauds made unenforceable her claim of breach of oral contract when the contract was a written agreement. In her motion Jameel insists that she has alleged that Flagstar provided her a written offer, a letter that states, "After all trial period payments are timely made and you have submitted all the required documents, your mortgage will be permanently modified." (page 1 of a letter, Ex. A to #11). She argues that she accepted that offer by timely making the requisite trial period payments and submission of the required documents, and thus there was a valid written contract and she has stated a claim for breach of contract.

The Court disagrees. It first quotes Plaintiff's allegations on her breach of contract claim in her petition (#1-4):

> 13. On or about, November 22, 2011, Ms. Jameel and Flagstar entered into a Home Affordable Modification Program ("HAMP") trial mortgage modification (the "Trial Mod") requiring payments of $1,628.88. *See Exhibit D.*
> 14. Ms. Jameel made all required payments, pursuant to the modification contract, in the amount of approximately $1,628.88 per month beginning November 2011.
> 15. After making the third payment in February 2012, Plaintiff contacted Defendant inquiring as to the status of her permanent loan modification. Defendant informed her that "they were still working on it and for her to keep paying the same amount."
> 16. Plaintiff continued to faithfully make payments to Defendant despite the expiration of the trial modification period *and* despite the fact that Defendant did not deliver the permanent mortgage modification.
> 17. Ms. Jameel continues to call the bank every month about her permanent modification and Jameel continues to pay the $1,600.

First, the Court's Opinion and Order made clear that "there is no private right of action under HAMP and no guarantee of a HAMP

modification. . . . Because HAMP does not afford a private right of action, all Plaintiff's claims premised on HAMP fail to state a claim upon which relief can be granted." #10 at p. 14-15, *citing Cade v. BAC Home Loans Servicing, LP,* No. 10-4224, 2011 WL 2470733, *2-3 (S.D. Tex. June 20, 2011); *Adams v. U.S. Bank*, No. 10-10567, 2010 WL 2670702, *4 (E.D. Mich. July 1, 2010); *Hoffman v. Bank of America*, No. C-10-2171 SI, 2010 WL 2635773, *5 (N.D. Cal. June 30, 2010). The Opinion and Order went on to address the alleged "oral promise made by an unspecified agent that Jameel could continue to make a reduced loan payment beyond even the trial period she references" and held it to be barred by the statute of fraud, with citation to substantial authority. #10 at pp. 15-17. It now affirms those rulings. For these reasons, the Court

ORDERS that Jameel's motion to reconsider (#11) is DENIED.

Because Plaintiff has not filed an amended TILA claim nor moved for an extension of time to do so, the Court

ORDERS that Flagstar's motion for entry of final judgment is GRANTED and it will issue by separate instrument. Finally, counsel's motion to withdraw is MOOT.

**SIGNED** at Houston, Texas, this 14th day of December, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE